UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NELSON ROMERO, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:13-CV-0098 |
| WILLIAM STEPHENS, | § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

On April 26, 2018, the Court dismissed Romero's petition for a writ of habeas corpus and entered final judgment. On September 18, 2018, Romero filed a motion for reconsideration (Dkt. 52). Because the motion was filed more than twenty-eight days after judgment was entered, the Court construes the filing as a motion for relief under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

Rule 60(b) is an uncommon means for relief, and "final judgments should not be lightly reopened." *Lowry Dev., L.L.C. v. Groves & Associates Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (internal citation, alteration, and quotation marks omitted). A Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). Romero presents arguments regarding his underlying indictments that were or could have been raised

before entry of judgment and fails to present any argument warranting relief under Rule 60(b).

For the reasons stated above, the Court **ORDERS** that the petitioner's motion for reconsideration (Dkt. 52) is **DENIED**.

The Clerk will send a copy of this order to the parties.

SIGNED at Galveston, Texas, this 13th day of November, 2018.

_____
George C. Hanks Jr.
United States District Judge